IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PEGGY SUE CLARK                                                                                          PLAINTIFF

v.                                              NO. 3:14-cv-00111 JJV

CAROLYN W. COLVIN, Acting Commissioner                                              DEFENDANT
of the Social Security Administration

MEMORANDUM OPINION AND ORDER

Plaintiff Peggy Sue Clark ("Clark") commenced the case at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, she challenged the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner"), a decision based upon findings made by an Administrative Law Judge ("ALJ"). On April 14, 2015, the Court held oral argument at Plaintiff's request. Greg Wallace, Esquire, appeared by telephone for Ms. Clark. Special Assistant United States Attorney Brock Cima appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

Clark maintains that the ALJ's findings are not supported by substantial evidence on the record as a whole.[1] Clark so maintains because her residual functional capacity was not properly assessed. It is her contention that she cannot perform the prolonged

---

[1] The question for the Court is whether the ALJ's findings are supported by substantial evidence on the record as a whole. "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." See Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011).

standing required by light work.

The ALJ is required to assess the claimant's residual functional capacity, which is a determination of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004). The assessment is made using all of the relevant evidence in the record, but the assessment must be supported by some medical evidence. See Wildman v. Astrue, 596 F.3d 959 (8th Cir. 2010).

The ALJ found that Clark's severe impairments include "back pain syndrome." See Transcript at 14. The ALJ assessed Clark's residual functional capacity and found that she is capable of performing light work with some additional physical and mental limitations.

20 C.F.R. 404.1567(b) defines light work to include jobs requiring "a good deal of walking or standing." The walking or standing requirement has been construed to mean that the claimant must be capable of walking or standing for a total of six hours in an eight-hour work day. See Frankl v. Shalala, 47 F.3d 935 (8th Cir. 1995). See also Social Security Ruling 83-10.

The record reflects that Dr. Joseph Patterson, M.D., ("Patterson") performed a consultative examination of Clark in February 2012. See Transcript at 243-247. Although his examination produced some unremarkable findings, e.g., he found that she could walk on heel and toes and could rise from a squatting position, x-rays of her lumbar spine revealed the following: "vertebral body spurring at L1, L2, L3; spondylothesis of L5 and S1, and disc space narrowing of L5-S1." See Transcript at 247. Given that evidence, he opined that she has "[m]oderate limitation in ability to walk, stand prolonged periods, bend, squat, kneel, stoop, or crouch." See Transcript at 247.

The ALJ gave Patterson's assessment of Clark's physical abilities "great weight" because the assessment was "supported by clinical findings" and was not inconsistent with other evidence in the record. See Transcript at 18. The ALJ nevertheless found that Clark is capable of performing light work, that is, he found that she is capable of walking or standing for a total of six hours in an eight-hour work day.

The ALJ's finding is not supported by substantial evidence on the record as a whole. Although the ALJ purported to give Patterson's opinion great weight, the ALJ discounted Patterson's opinion of Clark's ability to walk or stand for prolonged periods and did not give good reasons for doing so. It is true that Patterson did not explain what he meant by a "moderate limitation" in walking or standing, but giving the phrase its ordinary and usual meaning, it means something more than a mild limitation. Does it mean that Clark is able to walk or stand for a total of six hours in an eight-hour workday? It is difficult to say given the record now before the Court, particularly because other evidence suggests that Clark's back impairment is more severe than the ALJ found.

In September 2012, Clark was referred to Dr. Ricardo Cortez, M.D., ("Cortez") for treatment of her low back pain. See Transcript at 391. His initial assessment of her low back pain was that it is multi-factorial, "likely a combination of her spondylolisthesis, and I also think that she has sacroiliac joint dysfunction." See Transcript at 391. He referred her to a physical therapist for conservative therapy, ordered a CT scan of Clark's lumbar spine to rule out "an L5 pars defect," and opined that she would benefit from a "sacroiliac joint injection." See Transcript at 391.

Cortez saw Clark again in October 2012. See Transcript at 388. After reviewing the

results of her CT scan, see Transcript at 389-390, he was persuaded that something more than conservative therapy was required. He specifically noted the following in his progress notes: "Ms. Clark returns today to followup the results of her CT scan. This, in fact, does demonstrate an L5 pars defect. I reviewed this with her today in clinic and told her that she is a potential candidate for surgery." See Transcript at 388. He noted, though, that she did not have the means to pay for a surgical procedure at that time.

Patterson and Cortez's opinions, when considered together, suggest that Clark's back impairment is more severe than the ALJ found. Although it is true two state agency physicians opined that Clark has sufficient residual functional capacity to perform light work with some additional limitations, see Transcript at 252-259, 311, the ALJ accorded their opinions "limited weight," see Transcript at 19. Moreover, it is worth noting that they offered their opinions before Cortez made his findings and recommendation of surgery; thus, they did not have the benefit of his findings and recommendation.

Given the record now before the Court, it is not clear whether Clark can actually perform the prolonged standing required by light work. Substantial evidence on the record as whole does not support the ALJ's finding on that issue. A remand is therefore necessary. Upon remand, the ALJ shall re-assess Clark's residual functional capacity, giving due consideration to the extent to which she can walk or stand during an eight-hour workday. In making the re-assessment, it would likely be helpful to inquire of Patterson what he meant by the phrase "moderate limitation" in walking or standing.

In remanding this case, the Court finds it advisable to briefly address the other reason for remand advanced by Clark. She maintains that her credibility was not properly

adjudged because the ALJ considered only the medical evidence. The Court has reviewed the record as a whole and is concerned that the ALJ did not give adequate consideration to the non-medical evidence in adjudging her credibility. Upon remand, he shall re-evaluate her credibility, giving additional consideration to the non-medical evidence.

Given the foregoing, the Commissioner's decision is reversed, and this case is remanded. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991). Judgment will be entered for Clark.

IT IS SO ORDERED this 15th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE